IN THE SUPREME COURT OF THE STATE OF DELAWARE

<table>
<tr><td>NICHOLAS KROLL,</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td>No. 266, 2021</td></tr>
<tr><td>Plaintiff-Below,</td><td>§</td><td></td></tr>
<tr><td>Appellant,</td><td>§</td><td>Court Below: Court of Chancery</td></tr>
<tr><td></td><td>§</td><td>of the State of Delaware</td></tr>
<tr><td>v.</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td>Case No. 2019-0969</td></tr>
<tr><td>CITY OF WILMINGTON, CITY OF</td><td>§</td><td></td></tr>
<tr><td>WILMINGTON POLICE</td><td>§</td><td></td></tr>
<tr><td>DEPARTMENT, and MICHAEL</td><td>§</td><td></td></tr>
<tr><td>PURZYCKI, in his official capacity as</td><td>§</td><td></td></tr>
<tr><td>Mayor of the City of Wilmington,</td><td>§</td><td></td></tr>
<tr><td></td><td>§</td><td></td></tr>
<tr><td>Defendants-Below,</td><td>§</td><td></td></tr>
<tr><td>Appellees.</td><td>§</td><td></td></tr>
</table>

Submitted: February 2, 2022
Decided: April 11, 2022

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

Upon appeal from the Superior Court. **REVERSED** and **REMANDED**.

Robert C. McDonald, Esquire, (*argued*), and Adrienne M. McDonald, Esquire, SILVERMAN MCDONALD & FRIEDMAN, Wilmington, Delaware, for Appellant, Nicholas Kroll.

Aaron C. Baker, Esquire, CITY OF WILMINGTON LAW DEPARTMENT, Wilmington, Delaware, for Appellees, City of Wilmington, City of Wilmington Police Department, and Michael Purzycki.

**VAUGHN**, Justice:

The Appellant, Nicholas Kroll, appeals from the Court of Chancery's dismissal of his complaint. Kroll was terminated from his position as a police officer for the City of Wilmington (the "City") on the ground that he failed to comply with a departmental requirement that he reside in the City. A second ground was that he violated a departmental regulation regarding dishonesty by giving a false or inaccurate address on annual, required residency affidavits. After his dismissal, he filed this action in the Court of Chancery. He seeks a declaratory judgment that the City, its police department, and its mayor, in his official capacity, breached the police Collective Bargaining Agreement (the "CBA") and his right to due process by modifying the definition of the term "residence" in October 2017, and applying the modified definition to him without giving the Fraternal Order of Police an opportunity to bargain the new definition on behalf of its members. The modification, Kroll argues, was material to the decision to terminate his employment. He also seeks an injunction reinstating him as a City police officer with back pay.

The Appellees filed a motion to dismiss Kroll's complaint under Court of Chancery Rule 12(b)(1) alleging that the Court of Chancery lacked jurisdiction over the complaint's subject matter. The Appellees argued, in part, that Kroll had an adequate remedy at law in the form of a petition for a writ of certiorari, which was within the jurisdiction of the Superior Court.

The Court of Chancery granted the City's motion on the ground that the subject matter of Kroll's complaint fell within the grievance procedure set forth in the CBA. The grievance procedure, the Court reasoned, gave Kroll an adequate remedy at law. As the Court stated, "Here, a 'complete remedy otherwise exists' in the form of the grievance procedure outlined in the Agreement."[1]

The Appellees had not argued that Kroll's complaint fell within the CBA grievance procedure. That issue was raised *sua sponte* by the Court in its ruling. The parties have made clear to us on appeal, however, that the disciplinary action taken against Kroll is not subject to the grievance procedure set forth in the CBA. The Appellees, to their credit, candidly agree that the Court of Chancery committed legal error by basing its decision on the CBA's grievance procedure. They urge us, however, to affirm on the alternative grounds for dismissal that were asserted in the Court of Chancery.

Kroll was employed as a police officer by the Wilmington Police Department (the "WPD") from March 18, 2013, until he was terminated on April 11, 2018. When Kroll joined the WPD, he agreed to comply with the City's residency requirement, which requires employees to become residents of the City within six months of starting employment and to maintain residency for at least sixty months.

---

[1] Opening Br. Ex. A at 7 (quoting *Christiana Town Ctr., LLC v. New Castle Ctr.*, 2003 WL 21314499, at *3 (Del. Ch. June 6, 2003)).

To fulfill this requirement, Kroll and his wife purchased a home in Wilmington in August 2013. In November 2014, they purchased a second home in Middletown, Delaware. The Middletown home was to be the primary residence of Kroll's wife and children, and it would allow Kroll's autistic child to attend a specialized educational program in the Appoquinimink School District.

To ensure compliance with the residency requirement, WPD employees are required to file a residency affidavit each year. In April 2017, the City discovered alleged inconsistencies in Kroll's 2015 and 2017 residency affidavits. Kroll alleges that these inconsistencies were the result of a transposed house number on the 2015 affidavit and a newly identified apartment number on the 2017 affidavit. The City began investigating Kroll's residency as a result of the inconsistencies.

In November 2017, the WPD notified Kroll that his residency affidavits contained fraudulent and dishonest information, and a Disciplinary Hearing Board was convened to consider two claims—a Residency Charge alleging that he was in violation of the residency requirement and a Dishonesty Charge alleging that he had been dishonest on his 2015 and 2017 residency affidavits. A hearing was held on January 11, 2018. Whether the Panel applied the definition of residency in effect prior to the 2017 modification or whether it applied the modified version seems to be a point of contention between the parties. Our disposition of this appeal does not require us to pass judgment on the specific differences between the two definitions.

4

We do note, however, that the 2017 revised definition added the following sentence, which was not contained in the previous definition: "In the absence of a marital separation, [the residence] is the dwelling at which an employee's spouse and children, if any, reside."[2]  The Disciplinary Hearing Panel found that Kroll was guilty of both the Residency and Dishonesty Charges.  An internal appeal was conducted in April 2018, and the decision was affirmed.

Kroll filed a notice of appeal in the Superior Court on December 18, 2018.  In the notice, Kroll argued that the "Disciplinary Hearing Panel and the subsequent Appeal Hearing Panel committed error when applying the [modified] Residency Requirement . . ."[3] and "when it concluded the [sic] Officer Kroll was not a resident of the City of Wilmington, in clear conflict to the evidence presented."[4]  The City responded in July 2019, arguing that the appeal was both improper and untimely.  A few months later, the parties agreed to voluntarily dismiss the appeal.

During the same time frame that the investigation of Kroll and the disciplinary proceeding against him were taking place, the Fraternal Order of Police Lodge No. 1, Inc. (the "FOP"), of which Kroll was a member during his employment with the WPD, challenged the modified definition of residency as having been adopted in violation of the CBA between the FOP and the City.  The dispute was submitted to

---

[2] App. to Opening Br. at A20.
[3] App. to Answering Br. at B3.
[4] *Id*.

arbitration, and the arbitrator concluded that the revised language materially altered the residency requirement and was a unilateral alteration of the conditions of employment in violation of the CBA. The City sought to vacate the arbitrator's decision in the Court of Chancery, but the court upheld the result in January 2020.

Kroll then filed this action. In its motion to dismiss the complaint for lack of subject matter jurisdiction, the Appellees argued that "Kroll cannot claim that [the Court of Chancery] should exercise its equitable jurisdiction to allow him to resurrect his [Superior Court] appeal under the guise of a request for equitable relief."[5] The City also contended that Kroll did not challenge the Dishonesty Charge, which by itself is "an independent and sufficient basis for [Kroll's] dismissal from his position as a police officer in WPD."[6] It also argued that certiorari provided Kroll with an adequate remedy at law in the Superior Court. The Court of Chancery granted the motion to dismiss on the ground that the CBA grievance procedure was an adequate remedy as described above. This appeal followed.

While the Appellees agree on appeal that the Chancery Court erred by dismissing Kroll's claim on the ground that the grievance procedure in the CBA provides him with an adequate remedy at law, they urge us to affirm the Court of

---

[5] App. to Opening Br. at A53.
[6] *Id.* at A55.

Chancery's judgment on the independent grounds they set forth in their arguments in that court. The Court of Chancery did not address the Appellees' arguments.

"We recognize that this Court may affirm on the basis of a different rationale than that which was articulated by the trial court. We also recognize that this Court may rule on an issue fairly presented to the trial court, even if it was not addressed by the trial court."[7] We, however, decline to do so.[8] We believe the Court of Chancery should have the opportunity to address the Appellees' arguments in the first instance.

The judgment of the Court of Chancery is reversed, and the case is remanded for further proceedings.

---

[7] *Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (citing *Standard Distrib. Co. v. Nally*, 630 A.2d 640, 647 (Del. 1993)).

[8] *See Unitrin, Inc.*, 651 A.2d at 1361 (remanding and declining to affirm the Court of Chancery's decision, notwithstanding the reversible error, based on alternative grounds not reached by the trial court).